VALENTINE LUMBER & SUPPLY COMPANY *vs.* ADRIAN R.
THIBEAULT & others.

Hampden. September 25, 1957. — December 4, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Mechanic's Lien. Equity Jurisdiction,* Mechanic's lien.

Failure to record an attested copy of the subpoena in a suit in equity
brought under G. L. (Ter. Ed.) c. 254, § 5, by a materialman to en-
force a subcontractor's lien acquired under § 4 defeated the lien even
if all the information furnished by the subpoena was contained in a
bond to dissolve the lien which was given under § 14 and accepted
by the court and recorded.

BILL IN EQUITY, filed in the Superior Court on Decem-
ber 19, 1951.

The plaintiff appealed from a final decree by *Hudson, J.,*
after hearing on a master's report.

*Charles D. Sloan,* (*Samuel L. Thompson* with him,) for
the plaintiff.

*Henry A. Moran, Jr.,* for the defendants Whitesman.

SPALDING, J.    This bill is brought by a subcontractor, hereinafter called Valentine, to establish a lien under G. L. (Ter. Ed.) c. 254, § 4, for materials furnished to the defendant Thibeault, the principal contractor, for the construction of a house on land of the defendants Herman R. and Matilda C. Whitesman situated in Longmeadow.

The case was referred to a master whose report was confirmed by an interlocutory decree.    Findings of the master here pertinent are these.    On July 6, 1951, Thibeault entered into a contract with the Whitesmans for the construction of a house.    On August 6, 1951, Thibeault entered into a subcontract with Valentine under which Valentine was to supply materials for the Whitesmans' house.    On the same day Valentine recorded a notice of its contract with Thibeault and on the following day mailed a copy of the notice to the Whitesmans.    Thereafter materials were delivered by Valentine to the Whitesman job.    Although substantial payments were made from time to time by the Whitesmans by means of checks drawn to both Valentine and Thibeault, Valentine received only a small portion of the proceeds.[1]

On December 5, 1951, within thirty days of the completion date of the subcontract, Valentine recorded a statement, as required by G. L. (Ter. Ed.) c. 254, § 8, of the amount due it.    According to the statement, which was found to be just and true, that amount was $7,129.35.    On December 19, 1951, this suit was commenced.    It is agreed that no attested copy of the subpoena issued in this suit was ever recorded.    On January 4, 1952, a bond to dissolve the lien (see G. L. [Ter. Ed.] c. 254, § 14) which is the basis of this claim was executed by the Whitesmans; it was accepted by the court on January 7 and recorded on the following day.

A final decree was entered establishing that Thibeault was indebted to the plaintiff in the sum of $7,129.35 plus interest, or a total of $9,117.48, and ordering that the bill as against the Whitesmans be dismissed.    Valentine appeals.

Section 5 of G. L. (Ter. Ed.) c. 254 provides that "An

---

[1] Because of the view we take of the case, we need not consider the effect of these payments.

attested copy . . . [of the subpoena of the bill in equity brought to enforce the lien] *shall* be filed in the registry of deeds and recorded as provided in section nine" (emphasis supplied). No such subpoena was recorded here and the Whitesmans contend that this omission is fatal. For reasons set forth in *Valentine Lumber & Supply Co.* v. *Thibeault, ante,* 411, this contention must be sustained. And for reasons also set forth in that decision Valentine's contention that the recording of the bond to dissolve the lien satisfied the subpoena requirement cannot prevail.

*Decree affirmed with costs of this appeal.*